983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry MATTHEWS, Plaintiff/Appellant,
v.
COUNTY OF CHAMPAIGN, Defendant/Appellee.
 No. 90-2850.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Dec. 10, 1992.
 
 Before COFFEY, EASTERBROOK, Circuit Judges and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Henry Matthews brought an action against the County of Champaign under §§ 1983, 1985 and 1986, and Amendments 5, 6, and 14. The district court dismissed his complaint because it did not comport with the requirements of Federal Rule of Civil Procedure 8. We find that the district court lacked subject-matter jurisdiction and remand to the district court for dismissal due to lack of subject-matter jurisdiction.
 
 
 2
 The County of Champaign originally brought an action against Mr. Matthews and the Iva Matthews Senior Citizens Development Corporation in an Illinois trial court, requesting that the defendants be enjoined from operating a public nuisance. The trial court found in favor of the County and enjoined Matthews from operating an automobile salvage yard and allowing a public nuisance to remain on the premises. Matthews appealed the decision to the Illinois Appellate Court where it was affirmed. The Illinois Supreme Court denied his petition for leave to appeal.
 
 
 3
 Matthews then brought an action for a preliminary injunction in the Central District of Illinois, asking the court to restrain or enjoin the state court from proceeding against him; he also requested damages. Matthews' motion for a preliminary injunction was denied, but he was told he could file an amended complaint.
 
 
 4
 Matthews filed an amended complaint which the district court dismissed for failure to comport with Federal Rule of Civil Procedure 8. Matthews appeals this ruling.
 
 
 5
 The district court should have dismissed Matthews' complaint under the Rooker-Feldman doctrine for lack of subject-matter jurisdiction. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Federal district courts do not have jurisdiction to review or modify a judgment of a state's highest court. Leaf v. Supreme Court of the State of Wisconsin, et al, No. 91-3725, slip op. at 9 (7th Cir. Nov. 12, 1992); see Rooker, 263 U.S. 413; see Feldman, 460 U.S. 462. Matthews' claims were addressed by the Illinois Appellate Court and the Illinois Supreme Court. To the extent the claims raised in the district court were not identical to those raised before the state courts, they were "inextricably intertwined", and under the Rooker-Feldman doctrine, the district court cannot review those claims. Leaf, slip op. at 15. After bringing his constitutional claims before the Illinois state court, Matthews may seek federal review only in the United States Supreme Court. Id.
 
 
 6
 Matthews also raised several constitutional claims before the district court which were never raised in the state court proceedings. Those constitutional claims which were not raised or which were rejected by the Illinois state are now barred by res judicata. Leaf, slip op. at 18.
 
 
 7
 As the County points out, Matthews' brief also mentions a few constitutional provisions which were not raised before the district court. To the extent Matthews is actually raising them now, these claims have been waived. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989) (citations omitted).
 
 
 8
 Matthews has requested appointment of counsel for his appeal. In some cases, indigent civil litigants may be afforded counsel, but they have "no constitutional or statutory right to be represented by a lawyer." Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir.1983). In Maclin v. Freake, 650 F.2d 885 (7th Cir.1981) we set out the standards for the district courts' exercise of discretion in appointing counsel. Those standards are relevant in the appellate court. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir.1983). Appointment of counsel may be denied if the plaintiff cannot point to issues of fact or law that appointed counsel could develop. Id. An examination of the record and Matthews' brief reveals that appointed counsel would be of no assistance to Matthews in appealing the district court order. Matthews' motion for appointed counsel is denied.
 
 
 9
 For the reasons stated above, we REMAND to the district court for dismissal due to lack of subject-matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record